## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRIS LOGAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 21-cv-05380 |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, as a municipal ) | |
| corporation and as an indemnitor, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, CHRIS LOGAN, by and through his counsel, Antonio L. Jeffrey of Jeffrey & Erwin, LLP, and complains of Defendant CITY OF CHICAGO, as a municipal corporation and as an indemnitor, and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq., Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant has its principal place of operation and is domiciled in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and is currently employed by Defendant, CITY OF CHICAGO, in this District.

1

## PARTIES

3. Plaintiff, CHRIS LOGAN, is and was at all times relevant to this Complaint an adult male resident of Cook County and the City of Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendant CITY OF CHICAGO, in the capacity of Aviation Officer and Aviation Sergeant within the Department of Aviation. Plaintiff was harmed by Defendant in this District.

4. Defendant CITY OF CHICAGO is a municipal corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On March 8, 2021, Plaintiff timely filed a Charge of Discrimination alleging race discrimination, disability discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 440-2021-02776.

6. On July 13, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue to bring his Title VII and ADA claims.

7. Therefore, Plaintiff's Complaint is filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. Plaintiff's race is African-American; he also has a disability as defined under the ADA. Defendant City of Chicago was apprised of Plaintiff's race and disability.

9. On or about October 11, 1992, Plaintiff was hired by the City of Chicago Department of Aviation as an Aviation Officer. To date, Plaintiff remains an employee of the City of Chicago Department of Aviation in the capacity of Aviation Sergeant.

10. However, being elevated to his current position of Aviation Sergeant did not come easy. The City of Chicago Department of Aviation participated in, and continues to participate in, discrimination practices that hinders Plaintiff's natural professional growth within the department. Thus, Plaintiff filed grievances and ultimately obtained an arbitration award on June 3, 2019, ordering the City of Chicago to promote Plaintiff to his current position of Aviation Sergeant. Even then, Plaintiff was not made active in that role by the Defendant City of Chicago until more than two months later on August 16, 2019.

11. Since, Plaintiff has been continuously harassed and subjected to disparate treatment by City of Chicago Department of Aviation management, including by Arthur Everett (Deputy Commissioner), Kevin Zator (Assistant Commissioner), Kenneth Glover (3rd Watch Shift Supervisor), Akram Hasan (2nd Watch Shift Supervisor), and James Woods (1st watch Shift Supervisor).

12. At all times relevant to this Complaint, and since being hired by Defendant City of Chicago, Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant City of Chicago's legitimate expectations.

13. Nevertheless, despite Plaintiff's seniority, and in violation of Defendant City of Chicago policies and procedures, Plaintiff has not been allowed to participate in things such as the annual shift selection process, while other White and non-disabled employees with less seniority were allowed to participate.

14. Plaintiff has also been given low performance evaluations, without any supporting evidence of deficiencies in his work.

15. Further, since being awarded the Aviation Sergeant position through arbitration order, in retaliation Plaintiff has been unjustifiably suspended by Defendant City of Chicago on numerous occasions, including a recent twenty-nine (29) day suspension on September 11, 2021.

16. Also, in retaliation, Plaintiff has been denied and/or delayed reasonable ADA accommodations that had been promptly accommodated by Defendant City of Chicago prior to the aforementioned complaints and arbitration order.

17. In addition, without any deficiencies or justification and after Plaintiff's probation period had ended, Plaintiff had been placed on extended probationary period by Defendant City of Chicago.

18. Plaintiff, after meeting all classification requirement, has been denied promotion to shift supervisor and has also been denied professional development opportunities.

19. Plaintiff has been denied or subjected to delayed ADA accommodations by Defendant City of Chicago.

20. Because of his Race, African American, Plaintiff was, and continues to be, subjected to disparate treatment and discriminatory acts, with malice and with reckless indifference, by Defendant City of Chicago and its Department of Aviation.

21. Further, because of his Disability (Depression, Anxiety, and Post Traumatic Stress), Plaintiff was, and continues to be, subjected to disparate treatment and discriminatory acts, with malice and with reckless indifference, by Defendant City of Chicago and its Department of Aviation.

22.     And in retaliation for exercising a protected right and filing grievances and obtaining an arbitration award against Defendant City of Chicago, Plaintiff was, and continues to be, subjected to discriminatory and retaliatory acts, with malice and with reckless indifference, by Defendant City of Chicago and its Department of Aviation.

## COUNT I — RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.

23.     Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

24.     Plaintiff, as an African-American, is a member of a protected class.

25.     Plaintiff has been an employee of Defendant CITY OF CHICAGO in its Department of Aviation as Aviation Officer then as Aviation Sergeant since October 11, 1992. During that time, Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant City of Chicago's legitimate expectations.

26.     Defendant discriminated against Plaintiff because of his race, African-American, by refusing to accommodate his desire of a safe and free non-discriminatory work place and would not have done so had Plaintiff not been African-American and everything else having been the same.

27.     Other non-African-American, or White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant City of Chicago accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

28. Plaintiff's race was a substantial and motivating factor in Defendant City of Chicago's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

29. Defendant City of Chicago's discrimination constitutes unlawful discrimination in direct violation of the Title VII.

WHEREFORE, Plaintiff, CHRIS LOGAN, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated Title VII;

B. Grant an injunction against the Defendant from violating Title VII and to protect other African-American employees from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT II — DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.

30. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

31. Defendant City of Chicago is an employer, as defined by the ADA.

32. Plaintiff has been diagnosed with Depression, Anxiety, and Post Traumatic Stress, disabilities protected by the ADA.

6

33. Plaintiff satisfied the prerequisites of, and was qualified to perform the essential functions of, his job as Aviation Sergeant with or without reasonable accommodation.

34. The ADA prohibits discrimination against a qualified individual with a disability because of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

35. Nevertheless, Defendant discriminated against Plaintiff because of he suffered from depression, anxiety, and post traumatic stress.

36. Similarly situated employees without a disability were treated more favorably by Defendant.

37. Therefore, Plaintiff suffered an adverse employment action by Defendant City of Chicago because of his disabilities.

38. Defendant City of Chicago's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, CHRIS LOGAN, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

 F. Award the Plaintiff his reasonable attorney's fees and costs; and

 G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III — FAILURE TO ACCOMMODATE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.

39. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

40. Defendant City of Chicago is an employer, as defined by the ADA.

41. Plaintiff has been diagnosed with Depression, Anxiety, and Post Traumatic Stress, disabilities protected by the ADA.

42. Defendant City of Chicago was aware of Plaintiff's disability.

43. Plaintiff satisfied the prerequisites of, and was qualified to perform the essential functions of, his job as Aviation Sergeant with or without reasonable accommodation.

44. It is unlawful to fail or refuse to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. See 42 U.S.C. § 12112(b)(5)(A). Likewise, it is unlawful to deny employment opportunities to an employee who is an otherwise qualified individual, if such denial is based on the employer's need to make a reasonable accommodation for the employee. See 42 U.S.C. § 12112(b)(5)(B).

45. However, Defendant failed to reasonably accommodate his disabilities by not granting his physicians recommendation to be transferred to a shift more suitable to his disability, although there were vacancies that would accommodate the request, in direct violation of the ADA.

WHEREFORE, Plaintiff, CHRIS LOGAN, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

 A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT IV – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.

46. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

47. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under Title VII.

48. Plaintiff had engaged in a protected activity under Title VII after having reported and opposed the discriminatory practices of Defendant City of Chicago.

49. Plaintiff sought to protect himself against the unlawful discrimination based upon having previously opposed and reported the unlawful treatment and requesting a reasonable and safe workplace and environment.

50. Defendant's decision to discriminate against Plaintiff was motivated by an intent to retaliate against him because he had reported and complained the aforesaid complaints and unlawful treatment and because of his protected class and conduct.

51. Defendant would not have discriminated against Plaintiff had he not previously engaged in protected activity and everything else being the same.

52. Other Defendant employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and treatment of Plaintiff directly impacted his terms and conditions of employment with Defendant.

53. As a direct and proximate result of Defendant's violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

54. Defendant City of Chicago's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, CHRIS LOGAN, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated Title VII;

B. Grant an injunction against the Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

    F.      Award the Plaintiff his reasonable attorney's fees and costs; and

    G.      Award such other and further relief as it is just and appropriate, including nominal damages.

Dated:  October 11, 2021

                                                                  /s   Antonio L. Jeffrey
                                                                        Attorney for Plaintiff

JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com